VETERS v. SWEENEY

------

(Jan. 6, 1927. Opinion and Decree.)
(Jan. 10, 1927. Rehearing Refused.)

------

*(Syllabus by the Court.)*

1. **Louisiana Digest—Brokers—Par. 5, 15, 17, 18.**

An owner of property who employs a real estate agent as exclusive agent for a specified time owes the agent the agreed commission though the property be sold by another agent, if sold within the term mentioned in the contract.

2. **Louisiana Digest—Brokers—Par. 5, 15, 17, 18.**

The fact that the agent belongs to an association of agents who co-operate in the sale of property under an agreement to divide the commission and the property is sold by another agent, a member of the association, who collects the commission from the owner, can not relieve the owner of his contractual obligation to pay the agent he employed.

Appeal from Civil District Court, Division "B". Hon. Mark M. Boatner, Judge.

Action by Miss Phene Veters against A. N. Sweeney.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Anna Judge Veters, S. Stanford Levy, of New Orleans, attorneys for plaintiff, appellee.

Jno. R. Perez, H. G. McMahon, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, a real estate agent, sues for a commission upon the sale of certain real estate belonging to defendant. Her claim is based upon the following contract:

"Miss Phene Veters, Agent: In consideration of your efforts to find a buyer for the property, 2217 Wirth Place, and your listing of same with the Multiple Listing System, of the New Orleans Real Estate Agents' Association, I employ you or your successors, exclusively, to sell same for $9500 cash, or for any other price or terms hereafter agreed upon, and I agree to pay you or your successors a commission at the regular rate of three per cent, as fixed by the New Orleans Real Estate Agents' Association, on the gross amount of any agreement to sell or exchange bearing on said property made during the existence of this contract, or on the gross amount of any such agreement made within three months after the expiration or termination of this contract, with anyone to whom said property has

been quoted, directly or indirectly during the term of this contract. I give you the exclusive authority to post signs on the property, to accept a non-interest bearing deposit of ten per cent of the sale price when satisfactory offer to purchase said property is made * * * out of which deposit you may deduct your commission as above. In case of employment of counsel to enforce this contract, I will pay twenty-five per cent additional as attorney's fees, also all costs. As you are to act upon the faith of this employment and contract, it is to remain in full force and effect for a period of six months. I agree to refer all applicants to you and not to interfere in the sale of said property during the term of this contract. (Signed) A. N. Sweeney.

"I accept the above employment. "(Signed) Miss Phene Veters."

Defendant admits the contract and the sale of the property. He denies any liability to plaintiff upon the ground that he paid the commission ($270) to one N. J. Clesi, a real estate agent, who sold the property. He defends his rights to pay Clesi upon the ground that Miss Veters listed the property with the Multiple Listing System of the New Orleans Real Estate Agents' Association, as she was obliged to do under her contract, and that according to the rules of that system Clesi was entitled to receive the commission. Clesi, called in warranty by the defendant, filed a reconventional demand against defendant, which upon rule taken by plaintiff was stricken from the record and no appeal has been taken from that judgment, hence we can not consider the reconventional demand.

There was judgment in favor of plaintiff as prayed for, against the defendant, Sweeney, and in defendant's favor as prayed for against the defendant N. J. Clesi, called in warranty. Both defendants have appealed.

So far as the defendant Clesi is concerned, his defense, if any he has, is involved, and must stand or fall with the defense of Sweeney. We have considerable doubt as to the proposition advanced by the defendant to the effect that the rules of the Multiple Listing System are written into the contract because of the presence of the words "In consideration of your efforts to find a buyer * * * and your listing the same (property) with the Multiple Listing System. * * * I employ you," etc., and more doubt that any provision of that system, or the rules adopted for its operation, could override the positive provisions of the contract employing plaintiff exclusively and agreeing to pay her the commission, however, defendant's counsel has been unable to point to any provision of the Multiple Listing System rules, which are in evidence, which would authorize the selling agent to collect the money due as commission. In fact those rules seem to defer to what is called the listing agent, a term which would apply to plaintiff in this case, the apparent object being to protect the listing agent in his relation to his customer. It is true that the rules provide that property listed under the system shall be placed with all member agents for sale and that the commission shall be divided between the selling and listing agent, but such an arrangement does not concern third persons and can not justify defendant in paying to Clesi, the selling agent, the whole nor any part of the commission. Defendant had agreed to pay plaintiff the commission, if the property was sold under the terms of the contract, and it was admittedly so sold. Defendant owes plaintiff her commission. We are not concerned with plaintiff's obligation to Clesi, as that matter is not before us.

For the reasons assigned the judgment appealed from is affirmed.