SOMMERVILLE, J.
Plaintiff appeals from a judgment rejecting his demand *439 against defendant for $2,737.50 commissions as broker for having effected an oil lease on defendant’s property, under verbal contract with the latter, on or about July 8, 1916.
The record contains no assignment of errors ; and the ease has been submitted without oral argument on the part of plaintiff. We are now informed by brief subsequently filed of the grounds upon which plaintiff relies for a reversal of the judgment.
The testimony of plaintiff himself fails to sustain the alleged contract of employment declared upon in the petition. He alleged that on the 8th day of July, 1916, he had entered into a contract with the defendant for the sale of the lease referred to; that he was to have received as commission and compensation for his services all over and above the -consideration mentioned by defendant for the lease (and that was $100 per acre in cash upon the executed contract of lease; $100 per acre to be paid after the first oil was produced; and a royalty of one-fourth of all oil produced and saved on the premises). His testimony refers apparently to other contracts, on other dates, and does not support the contract alleged in the petition. And a letter written by plaintiff to defendant, on July 8, 1916, making a demand upon defendant to settle for his commission as broker, shows that the contract therein referred to was for $1,368.75 commissions.
Defendant denies that a contract was entered into, such as was declared upon in the petition of plaintiff; and showed that, while he entered into a contract of lease with the party Who had been represented by plaintiff on July 8, 1915, he was not aware at the time that plaintiff had had any relation with the lessee, and that he had not given to plaintiff the exclusive right, or for any stipulated time, to find a lessee of his land. He further testified that he dealt with plaintiff as a possible lessee of the land, and not as a broker.
[1,2] Where a party sues on a certain, contract made at a designated time, he must recover, if at all, on the contract alleged on;, and he cannot recover on a contract made at another time, and different in character. A landowner, by employing an agent to make a sale of his land, does not thereby preclude himself from hiring other agents to sell itr or from making a sale himself, provided he acts in good faith. If an agent thus employed should be the procuring cause of a lease subsequently entered into, he would be entitled to compensation; but, before plaintiff could recover, he would have to show that there was a contract between him and the defendant as had been alleged in his petition. This plaintiff has not done. Defendant leased his land on the same day that plaintiff alleges he was engaged by defendant to find a lessee.
The judgment appealed from is affirmed,' at the cost of appellant.