Plaintiff alleges that defendant employed him to purchase property for him, agreeing to pay for his services certain compensation, set out in the petition herein. He also alleges that under the contract of employment he secured for defendant the purchase of several leases, which he specifically sets out, and also of certain land, which he describes. He further alleges that under said contract of employment he was forced to examine and investigate some $10,000,000 worth of property. He also alleges that defendant has paid him only a part of the commission to which he is entitled, and that there is still due him $9,669.45. He further alleges that defendant, though temporarily present in the parish of Caddo, is a *Page 894 
resident of the state of Illinois, and, because defendant is a nonresident, that he (plaintiff) is entitled to a writ of attachment. The prayer of the petition is that a writ of attachment issue and that plaintiff have judgment in the sum above stated.
Defendant appeared and filed an exception of no cause of action. This exception is based upon the theory that plaintiff cannot recover because he does not allege that he was licensed as a broker at the time he performed the services alleged to have been rendered.
Defendant looks to Act 236 of 1920 to support his exception. Section 1 of this act reads:
 "That it shall be unlawful for any person, firm, association, copartnership or corporation, whether operating under an assumed name or otherwise, from and after January 1, 1921, to engage in the business or capacity, either directly or indirectly, of a real estate broker, a real estate salesman, a business chance broker or curb broker within this state without first obtaining a license under the provisions of this act."
Section 2 of the act defines a real estate broker, a real estate salesman, and a business chance broker, and section 19 reads as follows:
 "That any person, firm, copartnership, association or corporation, who has not been licensed in accordance with the provisions of this act, shall not be allowed to recover for any fee, claim or charge for brokerage."
This act was before us for consideration in the case of Vander Sluys v. Finfrock (No. 26227) 103 So. 730.[1] It was there held that one who effected the sale for another of a mineral lease was not a real estate broker, within the meaning of the act, and therefore could recover a commission for bringing about the sale, though he was not licensed, under the act, as a broker. The ruling is equally applicable to one who effects the sale of any other kind of lease for another, or *Page 895 
secures the same by purchase for another. However, that case is not wholly applicable to the present one, for the reason that, in the instant case, plaintiff not only secured leases by purchase for plaintiff, but also land. However, it does not follow that, for the reason that he secured land as well as leases by purchase for plaintiff, his petition shows no cause of action, even as to compensation for obtaining the land in that it does not set out that he was licensed under the act as a real estate broker. It was not necessary that plaintiff should have made that allegation. If the nature of his services were such as to require that he be licensed, and he was not, that he was not, is a matter of defense, which defendant, in order to avail himself of, must set up and establish.
Defendant urges that, should we overrule the exception of no cause of action, we should not reinstate the attachment, which plaintiff caused to issue, and under which defendant's property was seized, for the reason that, when the exception was sustained by the lower court, this necessarily dissolved the attachment, and since the judgment sustaining the exception was appealed from only devolutively, the attachment was, as a result, forever dissolved. It may be observed in this connection that this suit is one in personam, and that the attachment is therefore merely an incident of the main action. It may be observed also that the property attached was released on bond while this suit was still pending in the lower court. In our view, the effect of overruling the exception is necessarily to reinstate the proceedings as they existed prior to the sustaining of the exception, where conditions are such that this may be accomplished, and, in this instance, they are such.
For the reasons assigned, the judgment appealed from is annulled and set aside, the exception of no cause of action is overruled, and this case is remanded to the lower court to be proceeded with according to law. *Page 896 
O'NIELL, C.J., concurs in the decree, but not in the ruling that, when a person sues for compensation for services for which the law requires a license, he need not allege that he had the license.
 On Rehearing.
[1] 158 La. 175.