VIGUERIE v. DAVIS, Appellant

(July 19, 1926. Opinion and Decree.)
(Aug. 2, 1926. Rehearing Refused.)
(Oct 5, 1926. Writs of Certiorari and Review Denied by Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Mandate—Par. 5, 6.**

The contract of mandate is completed only by acceptance of the mandatory, but this acceptance may be expressed in the act itself, or the contract may be tacitly accepted, and this tacit acceptance is inferred either from the mandatory acting under it, or from his keeping silence when the act containing his appointment is transmitted to him.

2. **Louisiana Digest—Mandate—Par. 5, 6.**

A written offer to employ one as agent to sell land, signed by the principal and tacitly accepted by the agent, constitutes a contract of agency, enforcible as to both.

3. **Louisiana Digest—Mandate—Par. 8, 104; Brokers—Par. 23.**

Parol evidence is admissible to prove acceptance of a contract of agency to sell real estate.

4. **Louisiana Digest—Brokers—Par. 15.**

Where a contract of agency to sell real estate is exclusive, or is granted for a specified time allowed the agent in which to effect a sale, the principal cannot deprive the agent of his right to commissions by revoking the agency prior to the expiration of the time stipulated, and the right of the agent to a commission is not affected by the sale of the property made either by the principal personally, or through another agent.

**5. Louisiana Digest—Brokers—Par. 22, 23.**

Where an agent sues his principal for commissions, under a contract for the sale of real estate, the petitioner is not required to allege that he is a duly licensed agent under state laws. If his services were such as to require that he be licensed, and he was not, such is a matter of defense, which the defendant, in order to avail himself of, must set up and establish.

**6. Louisiana Digest—Brokers—Par. 9, 12, 23.**

Where a real estate broker, upon being advised by certain persons that they wish to purchase a piece of property, and that such property is for sale, calls upon the owner and secures a contract for the sale, at a price fixed by the owner, such action is in no way evidence of double dealing, or of an attempt to serve both parties, unless it be further shown that the broker represents the prospective purchasers, under a contract for compensation, or that such broker attempted to influence the owner in some way, as by depreciating the property's value.

Appeal from the First City Court for the City of New Orleans, Parish of Orleans, State of Louisiana, Hon. W. Alexander Bahns, Judge.

Action by R. L. Viguerie against Mrs. Josephine Davis.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Chas. J. McCabe, of New Orleans, attorney for plaintiff, appellee.

Eugene S. Hayford, of New Orleans, attorney for defendant, appellant.

MAY, Judge ad hoc.    On March 5, 1924, plaintiff R. L. Viguerie, a real estate agent of this city, acting through his employee, Mrs. Louise Ragusa, entered into an agreement with defendant, covering the sale of certain of defendant's real property located in this city.

Under the terms of this agreement, plaintiff was given for a period of six months, the exclusive right to sell the property described, and it is further stipulated, that in consideration of the acceptance by plaintiff of said agency, and his endeavoring to sell the property, defendant agrees to pay him a commission of four percent, upon the price obtained.

Plaintiff's petition alleges simply the contract sued upon, and makes the further allegation that on or about July 30, 1924, the property in question was sold for account of the defendant, by one F. Ferrier, for forty-five hundred and fifty dollars ($4550.00), and that petitioner is entitled to his commission upon such sale.

Defendant filed an exception of no cause of action, and added to this exception, and appearing in pencil, are the following words: "No agency, no acceptance, and no performance is alleged."

Following such exception, defendant answered, admitting that she signed a card, which she says was blank, and further admitting, that on or about July 31, 1924, she made arrangements to sell her property, through F. Ferrier, her agent. The remainder of her answer is a general denial.

On January 5, 1925, the lower court rendered judgment, maintaining defendant's exception of no cause of action and dismissing the suit.

Thereafter a new trial was granted, and on December 28, 1925, there was judgment for petitioner for the sum claimed.

A new trial was asked and refused, whereupon defendant appealed to this court.

At the hearing upon the merits, defendant being called by plaintiff under the act, was shown the contract card sued upon and admitted her signature thereto.

She says however, that plaintiff's agent, Mrs. Ragusa, did not at first leave the card in question, but left a blank card, and at a later date called again, at which time defendant signed the agreement in question.

Defendant says further, that plaintiff's agent only brought one person to look at the property, and that this was a lady who had already discussed the property's purchase with defendant, and who did not want to pay defendant's price; that no forsale signs were ever placed upon the property, but here defendant admits that she asked plaintiff's agent not to post signs. Defendant further says, that she looked for advertisements (in the newspapers) but never saw any.

Plaintiff's agent, Mrs. Ragusa, says that about March 1, 1924, she called upon defendant and discussed the sale of defendant's property; that defendant said she wanted to talk it over with her children; that she, Mrs. Ragusa, thereupon left her card, and several days later called, and was told by defendant that the latter's children approved, whereupon witness filled out the contract card and defendant signed it.

Witness further says, that she learned from some clients of hers, who lived across the street from defendant, and who wanted to buy defendant's property, that defendant wanted to sell, and that witness called upon defendant to secure the contract; that the day after defendant signed the contract the people across the street made an offer of forty-five hundred and fifty dollars ($4550.00); that before signing such offer, these people, together with witness, and a contractor, examined the property to see if the residence could be moved to the rear, and the day after this examination, witness brought the offer to defendant, who declined it.

Mrs. Ragusa further says that she continued to work on the contract with other clients, and tried to secure increases in the offers already made; that she brought a Mr. Gourgott to see the property, and also submitted an offer of forty-seven hundred dollars ($4700.00), which came through J. Han Meyers' office; that she continued to work on the property until defendant sold it; that she did not understand why another real estate agent should have his sign on the property, and asked defendant about this, and that defendant said she had a contract, whereupon witness advised defendant that plaintiff's contract had not expired.

Plaintiff R. L. Viguerie testifies that he personally brought a client to look at the property; that this client made an offer which was delivered by Mrs. Ragusa, to defendant, and refused; that he advertised the property four or five times, and that he continued to work on it until defendant sold it, (through another agent).

Defendant, Mrs. Josephine Davis, called as a witness in her own behalf, was again shown the contract, and this time denied her signature, saying that she signed a white card, and that there was nothing on such white card.

Defendant was then asked to sign her name upon a piece of blank paper, and upon comparison with this signature to that upon the contract, she admitted her signature to the latter.

Defendant further admitted that Mrs. Ragusa told her that the document which she signed was a sale contract, but defendant says that she was not told that the

duration of the contract was six months. She admits however, that she would have signed a contract for such period.

The evidence is perhaps somewhat conflicting and contradictory as to certain matters of detail, but plaintiff has offered the contract sued upon, and defendant has admitted her signature thereto, and has further admitted that she subsequently sold the property through another agent for forty-five hundred dollars ($4500.00), and that such sale, if not actually consummated, was nevertheless contracted for before the expiration of the six months granted the plaintiff within which to make a sale.

Defendant says, however, that the agreement in question is an unilateral contract, without consideration, and not coupled with an interest; that it was, therefore, recoverable at will, at any time before the agent had actually secured a purchaser willing, able, and ready to buy; that the revocability of a contract is not effected by the insertion of the word "exclusive"; that a stipulation as to the time for which the contract is to run does not prevent its revocation, and that as a matter of fact, the agreement in the instant case was revoked, and in support of her contention as to revocation, defendant testifies as to a conversation between her and plaintifr's agent (not convincing); refers to a letter written by her attorney to plaintiff, apparently filed, but not in the record, and points to her employment, of another agent, and to his posting of for-sale signs, upon the property, to plaintiff's knowledge.

It is, however, unnecessary for us to consider the weight or pertinence of this evidence, as in our opinion defendant was without right to revoke this contract to the extent of affecting plaintiff's interest as to his commissions.

"Where, under a contract of the agency, the agent is granted a certain time within which to effect a sale, the principal cannot revoke the agency before the expiration of that time, (Corpus Juris, vol. 9, sec. 64, page 565), and the right to a commission. is not affected by the principal's sale of the property to another. (Corpus Juris, vol. 9, sec. 87, page 597). And a broker who is given an exclusive right to sell property is entitled to a commission on any sale thereof, made by the principal personally, or through another broker." (Corpus Juris, vol. 9, sec. 101, page 622.)

"Where the contract of a real estate broker, confers upon him the exclusive agency, to sell the property, the broker is entitled to his commission, if during the term of the contract, a sale is effected by the owner personally, or through another broker." (David Freeman vs. C. C. Diboll, 11 Orl. Ct. of App. Rpts., page 199; John A. Kostmayer vs. Miss Grace Landry, 12 Orl. Ct. of App. Rpts., page 385; Fowler vs. Phillips et al., 159 La. 668, 106 South. 26.

Under her exception of no cause of action, defendant urged in the trial court and reiterates here, that plaintiff's petition alleges neither agency, acceptance, or performance of contract.

That agency, however, is alleged, is clear, as plaintiff sues upon a written contract of agency, which is fully described in his petition.

As to acceptance by plaintiff, the testimony of the defendant, examined under the Act, and admitted without objection, shows tacit acceptance by plaintiff, C. C., Article 2989.

As to defendant's exception, that performance by plaintiff, is not alleged, it suffices to say that the petition sets forth the sale of defendant's property by another broker, within the six months period granted plaintiff to sell.

Defendant's next contention is that plaintiff is without right of action, because he has neither alleged in his pleadings, nor

ever proved, that he is a licensed real estate broker under Act 236 of 1920, of the Legislature of Louisiana, and we are referred to Vander Sluys vs. Finfrock, 158 La. 175, 103 South. 730, as a decision, which by inference, supports defendant's position.

An examination of that case shows that defendant therein filed an exception of no cause of action, especially upon the ground that plaintiff did not allege that he was a duly licensed real estate broker; that before trial of such exception, plaintiff by permission, filed an amended petition, in which he alleged:

"That your petitioner is a duly qualified realty dealer and licensed broker under the provision of Act 236 of 1920, that his delinquency for the year 1922 has been recognized, and that petitioner since has had issued to him the necessary acknowledgment as having paid · his tax for 1922 and 1923, and as having satisfied his delinquency under the provisions of the Act."

The defendant renewed his exception as to this amended petition, which exception was maintained by the trial court and overruled by the Supreme Court.

It is perfectly apparent however, that the trial court did not maintain· such exception, for want of what defendant contends, were necessary allegations, for the amended petition contained such, and it is further apparent, that the true issue in that case, and the issue upon which the Supreme Court's decision is based, was whether or not an oil and gas lease, is "real estate", within the intent and meaning of Act 236 of 1920, defining the business of a real estate broker.

As a matter of fact however, the just referred to statute, simply declares it to be unlawful for a person, etc., to engage in the business of a real estate broker, without first obtaining a license, and provides,

that in the absence of such a license, no brokerage fee, or commission will be allowed.

There is nothing whatever in the law making it necessary for a person to declare in his pleadings that he is a licensed broker. If he is, he is entitled to his commissions. If he is not, then the law deprives him of it. The whole question is one of status, and not pleading.

In Stanford vs. Bischoff, 159 La. 892, 106 South. 371, this issue was squarely before the court, and here we quote from the opinion of Justice Overton:

"Defendant appeared and filed an exception of no cause of action. This exception is based upon the theory, that plaintiff cannot recover, because he does not allege that he was licensed as a broker, at the time he performed the service * * *. Defendant looks to Act 236 of 1920, to support his exception * * *. It is not necessary that plaintiff should have made that allegation. If the matter of his services were such as to require that he be licensed, and he was not, that he was not, is a matter of defense, which, defendant in order to avail himself of, must set up and establish."

Defendant lastly contends that the conduct of plaintiff's agent, Mrs. Ragusa, brings her within the provision of Class D of section 17, of Act 236 of 1920, under which the "acting for more than one party in a transaction, without the knowledge of all parties thereto" subjects her to investigation by the State Board of Real Estate, and to suspension, or revocation of her license, should she be deemed guilty, and furthermore, that a broker who is employed to exercise his ability or discretion on behalf of his principal, cannot without his principal's knowledge, agree to represent the other party to the transaction, as such agreement is contrary to public policy and enforcible.

Defendant points to her testimony, and to that of plaintiff's agent, Mrs. Ragusa, as showing that the latter really represented persons (the Stellas) living across the street from defendant, and who were desirous of purchasing defendant's property.

It is true that, according to Mrs. Ragusa, the Stellas wanted to buy defendant's property, and told Mrs. Ragusa, that such property was for sale and wanted Mrs. Ragusa to handle it.

There is, however, nothing in the record to indicate that Mrs. Ragusa was to represent the Stellas in the purchase, as their agent, or to charge them a commission, nor is there anything to show that Mrs. Ragusa, in her dealings with defendant, undertook to depreciate the value of defendant's property, or that she did anything in connection with the Stellas, other than submit their offer to defendant.

We do not, therefore, see any evidence of fraud, or double dealing, on Mrs. Ragusa's part, which should in any way affect plaintiff's contract, and furthermore, the instant suit is not for commissions on a sale by plaintiff to the Stellas, but is for a commission on a sale made by defendant, through another broker, during the six months period granted the plaintiff, in which to carry out his contract.

For the reasons above given, the judgment appealed from is affirmed.