OVERTON, J.
 

 Plaintiff alleges that he entered into a contract with Eugene B. Watson individually and as the agent for his wife, Mamie Hyde Watson, the defendants herein, to procure some responsible person, firm, or corporation to extract gravel from certain lands, situated in the parish of Tangipahoa, belonging to Watson and his wife, he (plaintiff) to receive a commission of one cent for each cubic yard of gravel extracted, as compensation for his services. He also alleges that through his efforts the Fluker
 
 *1049
 
 Gravel Company was induced to enter into a' contract with defendants, under which it installed-machinery on the lands belonging to defendants and began to mine the gravel deposits thereon; that since the beginning of operations said company has extracted thousands of cubic yards of gravel from said lands, for which defendants are receiving seven cents a cubic yard, as compensation or royalty. He further alleges that he is entitled to his commission of one cent a cubic yard for all gravel extracted from said land, and prays that an accounting be required of defendants, and that judgment be rendered in his favor against them in solido, for the amount shown by said accounting to be due him, and that his right to his commission on the gravel, if any, extracted from said lands, after said accounting is had, be reserved.
 

 Against this demand Mrs. Watson filed an exception of no cause of action. This exception was overruled. After each of the defendants had filed an answer, the case was fixed for trial. At the commencement of the trial defendants objected to any evidence to support plaintiff’s demand until he should first establish that he was a duly licensed broker, under the provisions of Act 236 of 1920. The court sustained this objection. Plaintiff then tendered a number of witnesses to establish the allegations of his petition, stating in each instance what he expected to prove by them. The court refused to hear the witnesses for the reason that plaintiff produced no evidence to show that he was licensed as provided by said act, and rendered judgment rejecting his demands. Plaintiff then appealed.
 

 On appeal plaintiff frankly concedes that he was not licensed as a real estate broker or agent at the time he claims that his efforts resumed in the procuring of the contract entered into with the JSTuker Gravel Company. On appeal both sides style the contract, ,so entered into, -a lease, and the allegations of the petition would seem to justify the conclusion that it is; that is to say, that it is a contract by which defendants let to the Eluker Gravel Company, for a certain royalty or compensation, the gravel' rights on said lands.
 

 The question presented by the appeal is whether the objection urged to the admissibility of evidence in behalf of plaintiff, until he should first establish that he was licensed as a broker at the time he claims to have procured the contract, was properly sustained. The answer to the question depends on the interpretation that should be given to Act 236 of 1920. The purpose of that act is to regulate the businesses of real estate broker, real estate salesman, business chance broker, and curb broker. The first section of the act makes it unlawful for any person, firm, or corporation to engage in the business or to act in the capacity of a real estate broker, real estate salesman, a business chance, or curb broker without first obtaining a license. The license referred to is one showing the qualifications of the person desiring to engage in any one of such businesses, and is to be issued, as provided in section 11 of the act, by a board appointed under the act, and, during the recess of the board, by its secretary, subject to the approval of the board. If a person sues for a fee or upon a claim or charge for brokerage, and has not been licensed in accordance with the -act, it is provided in section 19 thereof that he cannot recover, and in section 23 of the .act it is made a misdemeanor, punishable by a fine not exceeding $2,000 and by imprisonment not exceeding 2 years, or by both, for any person to violate the act. Section 2 of the act defines the terms real estate broker, real estate salesman, and business chance, or curb brokers. The term real estate broker is defined therein as follows:
 

 “A real estate broker within the meaning of this act is any person, firm, partnership, association, copartnership or corporation, who for a compensation or valuable consideration sells or
 
 *1051
 
 offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate, or who leases or offers to lease or rents or offers for rent, any real estate or the improvements thereon for others, as a whole or partial vocation.”
 

 The section further provides that:
 

 “The provisions of this act shall not apply to any person, firm, partnership, association, co-partnership or corporation, who, as owner or lessor, shall either individually or through an employee or representative not otherwise engaged in the real estate business perform any of the acts aforesaid with reference to property owned by them, * * * snor shall this act be construed to include in any way the services rendered by an attorney at law in the service of a client, nor shall it be held to include a receiver, trustee in bankruptcy, administrator, executor, tutor, or civil sheriff for any parish of this state, nor a trustee selling under a deed of trust.”
 

 Section 3 of the act provides:
 

 “That one acting for a compensation or valuable consideration of buying or selling real estate of or for another, or offering for another to buy or sell or exchange real estate, or leasing or renting or offering to rent real estate, except as herein specifically excepted, shall constitute the person, firm, partnership, association, copartnership or corporation performing, offering or attempting to perform any of the acts enumerated herein, and shall be deemed a real estate broker or a real estate salesman within the meaning of this act.”
 

 Since plaintiff concedes that he was not licensed under the act, it follows, under the plain provisions thereof, that he cannot recover if the services which he claims to have •rendered were such as to require a license, and hence, if a license was required, then that there was no error in sustaining the objection urged.
 

 The act under consideration has been considered by us at least twice. In Vander Sluys v. Finfrock, 158 La. 175, 163 So. 730, it was held that the act did not apply to- one who effected for compensation for another the sale of an oil and gas lease,.for the reason that the sale of such a lease was not the sale of real estate within the contemplation of the act. This doctrine was followed in Stanford v. Bischoff, 159 La. 892, 106 So. 371, where, upon rehearing, it was held that the act not only did not apply to the sale of mineral leases, but also that it did not prohibit one from selling or purchasing ordinary leases for compensation for another without first obtaining a license, and the court in chat case also held that it yvas not necessary for one, in suing for a commission for purchasing or selling land for another, to allege that he was duly licensed under the act, but that this was a matter of defense which the defendant in the case must set up and establish. In Logan v. State Gravel Co., 158 La. 105, 103 So. 526, which, however, did not involve the question here presented nor the statute under consideration, it was held that a contract granting for a specified time to another, for a fixed compensation or royalty, the right-to excavate and remove gravel and sand from the grantor’s land was a lease, and entitled the grantor to a lessor’s privilege on/ the property of the grantee found on the premises.
 

 The ruling in the case of Stanford v. Bischoff, supra, to the effect that the burden is on the defendant, when sued for a commission for the' sale or purchase for his benefit of real estate, to allege and establish that, when plaintiff performed the services for which he sues, he was not licensed, is not of any value to the plaintiff herein, for he concedes that he had no license; nor are the rulings in that case and in the case of Vander Sluys v. Finfrock, supra, to the effect that the statute does not apply to the sale of mineral leases, and in the former ease even to the sale of ordinary leases, by any means decisive of the question here involved, for those cases involved the sale of leases in existence, and the rulings therein were largely based upon the ground that the statute had no application to the sale of leases as distinguished • from the procuring of them for another from
 
 *1053
 
 the owner of the land or from obtaining a lessee for the owner’s realty. If therefore plaintiff is to be successful herein, it must be without material aid from those cases.
 

 On the other hand, defendants contend that the case of Logan v. State Gravel Co., supra, in which it was held that a contract, apparently similar to the one which plaintiff claims to have been instrumental in obtaining for defendants from the Fluker Gravel Company, was a contract of lease and was such as to entitle the lessor to the lessor's privilege on the property of the lessee, is decisive of this case in their favor, especially when the case is considered in connection with the statute, which defines a real estate broker, among other things, to be one “who leases, or offers to lease, or rents or offers to rent, any real estate or the improvements thereon for others, as a whole or partial vocation.” In short, the position of defendant is that, since the contract which plaintiff claims to have procured is a lease, and as plaintiff had no license at the time he claims to have procured the contract, he cannot recover, and hence that the objection was properly sustained.
 

 It does not follow, however, because the contract, which plaintiff claims to have been instrumental in securing, is a lease, that it is such a lease as the Legislature had in contemplation when it defined what should constitute a real estate broker. In our opinion,* when the Legislature enacted that one who leases or offers to lease real property for another, for compensation, as a whole or partial vocation, the only leases which it had in contemplation were ordinary leases, such as those for securing the use of houses for residential purposes, of buildings for business purposes, and of lands for agricultural purposes. It did not have in contemplation gravel or mineral leases, but, as stated, only ordinary everyday leases, such as real estate agents generally negotiate. It is these which are usually understood to be meant, when one speaks of leasing real property, unless the context shows otherwise, and it is the negotiating of these, or the attempt to do so, that the Legislature had in contemplation. In so holding we are not of the opinion that we come in conflict with the Logan Case.
 

 For these reasons, our conclusion is that the objection should have been overruled and plaintiff given opportunity t'o establish his case.
 

 The judgment appealed from is therefore annulled and set aside, the objection is overruled, and this case is remanded to the lowfer court to be proceeded with according to law. appellee to pay the costs of this appeal, and the costs of the lower court to remain in abeyance until the final determination of this case.
 

 . O’NIELL, O. J., concurs in the decree.