CONNOLLEY v. RICHMOND

(December 10, 1928. Opinion and Decree.)

Dresner and Dresner, of New Orleans, attorney for plaintiff, appellee.

Chas. V. Macaluso, of New Orleans, attorney for defendant and appellant.

WESTERFIELD, J. Plaintiff, a real estate agent, sues for a commission. There was judgment for plaintiff as prayed for and defendant has appealed.

The claim of plaintiff was based upon the following instrument, which, it is claimed, confers upon him the exclusive authority to sell the property mentioned therein:

"I hereby appoint W. E. Connolley my Agent, and authorize him to sell my property, known as No. 3032-34 Dumaine Street, cor. Salcedo, St. Ann, and Gayaso, Square _____ for the price and sum of $ Nine Thousand _____ Dollars, or any less amount which may hereafter be agreed upon. I also agree to refer all applicants for the purchase of said property to my Agent. When this property is sold, I agree to pay my Agent a commission of 4%. It is understood and agreed that my Agent's labor ceases when the deposit is put up, and the commission is earned, and will be paid by me whether the title to said property is accepted or rejected by the purchaser. My agent is authorized to accept a deposit of 10% of the purchase price.

"This contract is made for _____ from date and can only be revoked by 30 days' written notice from either party to this agreement.

"If my property is sold or exchanged within 60 days from the expiration of this contract, to or with any party who may have been solicited by W. E. Connolley during the existence of this agreement, to purchase or exchange the above property, then W. E. Connolley shall be entitled to the same commission as above for his service."

Plaintiff did not secure a purchaser, but the property was nevertheless sold by defendant on November 27, 1927, to the Italian Homestead Association, for the price of $7,500.00, through another real estate agent, and without the knowledge of plaintiff. It is admitted that no written notice was ever given plaintiff of the revocation of his authority to sell, the sole defense being that he "failed and neglected to perform any of the duties devolving upon him under the law and under the contract as a real estate agent and broker, and earned no commission from this defendant." This defense is predicated upon the contention that the authority given plaintiff by Mrs. Richmond was not exclusive, and it is argued that she was privileged to sell through any other agent of her selection.

Mrs. Richmond appointed plaintiff as her agent to sell her property for $9000.00, and she agreed to refer all applicants for the purchase of said property to him. This authority was conferred upon the plaintiff, Connolley, until such time as she might see fit to revoke it by thirty days' written notice. She further agreed that, if the property was sold or exchanged within sixty days of the termination of the contract to any party whom Connolley solicited during the existence of the agreement, to pay him the agreed commission.

Under the circumstances, if Mrs. Richmond was dissatisfied with the efforts which Connolley was making in her behalf to obtain a purchaser for the property, she was at liberty to sever her relations with him by giving thirty days written notice as provided by the agreement between them. This she did not do, nor did she refer applicants for purchase of

the property to him. On the contrary, during the existence of the agreement, and without the knowledge of plaintiff, she engaged another real estate agent, who succeeded in selling the property for her, but for a sum $1500.00 less than Connolley was authorized to sell it for.

We are of opinion that, as long as the defendant continued Connolley's employment as her agent by failing or declining to give the thirty days' written notice agreed upon, she could not sell the property without paying his agreed commission; and that the agreement between them conferred exclusive authority upon Connolley as long as it was in force. Viguerie vs. Davis, 5 La. App. 77; Clesi vs. D'Angelo, 5 La. App. 432. See also, Veters vs. Sweeney, 5 La. App. 548.

For the reasons assigned the judgment appealed from is affirmed.