## No. 3433
### Second Circuit

## LAYNE v. HENDERSON

(December 19, 1928. Opinion and Decree.)

Dawkins & Dawkins, of Monroe, attorneys for plaintiff, appellant.

McHenry, Montgomery, Lamkin & Lester, of Monroe, attorneys for defendant, appellee.

ODOM, J. Plaintiff alleges that he is a licensed attorney-at-law, practicing his profession in the city of Monroe, and that the defendant, Henderson, is due him the sum of $1572.50, for his services as attorney, rendered on behalf and for the benefit of the defendant during the summer and fall of 1926. Paragraphs 4 and 5 of his petition read as follows:

"(4) That during the said summer of 1926 the said J. E. Henderson aforesaid consulted with your petitioner on several occasions concerning a tract of land which he had for sale, and on which there were such incumbrances and such clouds on the title as to make it impossible to sell said land in the condition it was then in. That during the period of said consultations and while petitioner herein was acting as the attorney for the said J. E. Henderson, the said J. E. Henderson proposed to petitioner herein that if he could get the title to said land in such condition as to make it possible to transfer same and also assist him in obtaining a purchaser for said tract, that he would pay petitioner a fee upon final consummation of said sale equal in amount to one-half of the amount of profit he made thereon.
"(5) Petitioner further shows that shortly thereafter he wrote to E. R. Ratcliffe, of Shreveport, Louisiana, advising him that he had a client who had 6300 acres of land, situated in Ouachita Parish, for sale at what he considered a very reasonable price, and on the following day Mr. Ratcliffe sent his representative to petitioner's office to see his said client, whereupon petitioner turned said party over to the said J. E. Henderson who either on the same day or the day following closed a

contract with the said Ratcliffe for the said 6300-acre tract at a price of $5.25 per acre, subject to the approval of title; and that on or about the 28th day of November, 1926, after considerable curative work had been performed by petitioner on said tract, said title was accepted by the said Ratcliffe and the sale closed and money paid thereon."

Counsel for defendant in limine filed an exception of no cause of action based on the proposition that the allegations of plaintiff's petition set forth in Paragraphs 4 and 5, as above quoted, show that he is a real estate broker, or real estate salesman, within the meaning of Act 236 of 1920; and that, as his petition fails to set out that he had previously procured a license as such, it sets forth no cause of action.

This exception was sustained by the lower court, and plaintiff has appealed.

## OPINION

Section 1 of Act 236, of 1920, makes it unlawful for any person to engage in the business or capacity, either directly or indirectly, of a real estate broker, a real estate salesman or a business chance broker within this State, without first obtaining a license under the provisions of the Act.

Section 2 of the Act provides that a broker, within the meaning of the Act, is any person, firm, partnership or association that for a compensation, or valuable consideration, "sells, or offers for sale; buys, or offers to buy or negotiate the purchase or sale or exchange of real estate; or who leases, or offers to lease; or rent, or offers to rent any real estate, or the improvements thereon, for others as a whole or partial vocation"; and that a real estate salesman is "any person who for a compensation or valuable considera-

tion is employed, either directly or indirectly, by a licensed real estate broker to sell, or offer to sell; or buy, or offer to buy; or to negotiate the purchase or sale or exchange of real estate."

A reading of plaintiff's petition discloses that he was employed by the defendant, Henderson, to perform certain services in connection with the title to a tract of real estate which the defendant had for sale in the Parish of Ouachita, and that the defendant proposed to him while he was acting as his attorney that if he could get the title to said land in such condition as to make it possible to transfer the same, and also assist him in obtaining a purchaser for the said tract, he, the defendant, would pay a fee contingent upon the amount of profit realized from such sale. He further alleges that he wrote one E. R. Ratcliffe, of Shreveport, Louisiana, advising him that he had a client who had for sale certain lands at a price which plaintiff considered reasonable, and that Ratcliffe sent his representative to Monroe to see Henderson, and that, subsequently, Ratcliffe purchased the said lands from Henderson.

There is no allegation in plaintiff's petition that he either sold, or offered for sale, bought, or offered to buy, or to negotiate the purchase or sale or exchange of real estate, or that he was employed by Henderson to sell, or offer to sell; or to buy, or offer to buy; or to negotiate the purchase or sale or exchange of real estate. Plaintiff was, therefore, not a real estate broker, nor a real estate salesman, under the Act. The petition does show that plaintiff did render some service to Henderson, who was a real estate broker, in the sale of said tract of land in that he wrote Ratcliffe, calling his attention to the fact that his client, Henderson, had said lands for sale. All plaintiff did, ac-

cording to the allegations of the petition, in connection with the sale of said lands, was to render to Henderson his professional services in clearing the title to said lands and in finding a purchaser therefor. The Act referred to does not apply to such services, for it is specifically recited in Section 2 thereof, as follows:

"Nor shall this Act be construed to include in any way the services rendered by an attorney-at-law in the service of a client."

We therefore hold that the allegations of plaintiff's petition do not show that he rendered the services for which he claims compensation as a real estate broker, a real estate salesman, or a curb, or chance broker.

But, even if it be true that, under plaintiff's allegations, he is such a real estate broker or salesman, the exception of no cause of action should not have been sustained on account of his failure to allege that he was duly licensed, under the law, to carry on that business, for, if he were not licensed, that is a matter of defense which should have been urged on the trial of this suit. It was specifically so held in the case of Stanford vs. Bischoff, 159 La. 892, 106 So. 371.

In that case, as in the one at bar, plaintiff sued for commissions as a real estate broker, but failed to allege that at the time he performed the services for which he claimed compensation, that he was licensed to carry on that business. An exception of no cause of action was sustained by the lower court, but the judgment was reversed.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from sustaining the exception of no cause of action be reversed; and it is

further ordered and decreed that said exception be now overruled and that this case be remanded to the lower court, and reinstated on the docket thereof, to be proceeded with according to law.