SAVOY, Judge.
Plaintiff, a real estate agent, brought this suit for commissions allegedly due under a lease agreement, dated February 17, 1945, whereby Franklin Stores Corporation leased property belonging to defendant herein.
The lower court decided the case in favor of defendant. Plaintiff has appealed from that ruling. The case was submitted to the trial court on an agreed statement of facts.
The record discloses that defendant is the owner of a commercial building in the City of Lafayette, Louisiana. He negotiated for a lease with Franklin Stores Corporation. The lease agreement was to cover a term of five years, beginning May 1, 1945, *574 for a monthly rental of $200. The lease provided that the lessee could renew said lease for one additional five-year period at a monthly rental of $225. Defendant was in the process of being called for military service, so he contacted plaintiff who agreed to represent him in said lease transaction.
A commission of five per cent was to be paid to plaintiff on all rentals paid on the lease contract with payment deducted from the monthly rentals as paid.
It was also stated in the lease that plaintiff would be the agent of defendant for the entire term of the lease and any renewal thereof, unless terminated by mutual agreement of the parties, and that due notice would be given in writing to lessee.
Franklin Stores Corporation exercised its option of renewal, as provided for in the lease of May 1, 1945, which renewal was for the period beginning May 1, 1950, and expiring April 30, 1955, at a monthly rental of $225.
On December 1, 1950, defendant without the aid of plaintiff re-negotiated the lease contract with Franklin Stores Corporation. This agreement provided that the lease would be for a term of 173 months from December 1, 1950. The lease provided that the rental would be $375 per month, and commencing the first day of May, 1955, and thereafter, the annual rental would be $5,-000, in monthly installments of $416.66.
The agreement of December 1, 1950, contained the following provisions:
“Both Lessee and Lessor agree and stipulate that this present contract of lease supersedes and replaces the lease between the parties dated February 17, 1945 which has been extended; and that said former lease is of no_ force and effect.”
On April 5, 1955, defendant wrote Franklin Stores Corporation a letter stating that he desired that all rental payments due from and after May 1, 1955, be mailed directly to him at his post office box in Lafayette, Louisiana. Plaintiff continued to collect the rent due defendant by Franklin Stores Corporation and charged a collection fee on $225 per month even after Franklin Stores Corporation commenced to pay $375 per month under the lease agreement of December 1, 1950. When the lease of May 1, 1945, expired defendant refused to pay plaintiff any further commissions. Through inadvertence Franklin Stores Corporation sent the plaintiff the rental check for the month of May, 1955, amounting to $416.66, which plaintiff cashed. To protect itself, Franklin Stores Corporation sent a check in the same amount to defendant. Franklin Stores Corporation intervened in the suit in district court and asked for the return of that sum, which the district judge granted.
Plaintiff contends that it was the intention of himself and defendant that he be paid a commission on the rental received from the leased premises as long as Franklin Stores Corporation remained a tenant of defendant; that this intent was manifested in the original lease agreement which created the agency.
In support of his contention, counsel for plaintiff relies principally on the cases of Viguerie v. Davis, 5 La.App. 77; Spinks v. Georgia Quincy Granite Co., 114 La. 1044, 38 So. 824; Zuzak v. Querbes, La.App., 193 So. 258, and Rosenblum v. Lurie, 128 Pa.Super. 480, 194 A. 204.
Counsel for defendant on the other hand takes the position that the plaintiff has been paid all of the commissions due him under the lease agreement of May 1, 1945, and that defendant does not owe plaintiff any further commissions, that the lease agreement of December 1, 1950, was a new agreement for the reason that the monthly rentals were different and that there were other conditions in said lease which were not in the original lease. In support of his contention, counsel for defendant relies principally on the cases of Ernest A. Carrere’s Sons v. Levy, La.App., 191 So. 747; Zuzak v. Querbes, La.App., 193 So. 258; Bryson v. United Gas Public Service Co., La.App., 169 *575 So. 350, and Viguerie v. Davis, 5 La.App. 77.
In his written reasons for judgment, the trial judge relied on the case of Zuzak v. Querbes, supra, in reaching a decision in the case.
It was found in the case of Viguerie v. Davis, supra, that where a contract of agency to sell real estate is exclusive or is granted for a specified time, the principal cannot deprive the agency of his right to commissions by revoking the agency before the expiration of the time stipulated.
In the case of Spinks v. Georgia Quincy Granite Co., supra, plaintiff entered into a written contract with defendant for a period of one year or longer, unless terminated by either party at the expiration of the specified term. By this contract plaintiff was made the sole representative of defendant in and for the City of New Orleans for the sale of granite and stone. Defendant secured certain business through the efforts of plaintiff, although the order was given to defendant directly. Defendant refused to pay plaintiff and he sued for his commission. The lower court held that an agency existed between the parties for a specified term, that said contract was in the nature of letting and hiring, and that since no notice of the revocation of the mandate was sent to plaintiff, he could recover.
The next case cited by plaintiff is that of Zuzak v. Querbes, supra. As stated previously, this case was also cited by counsel for defendant and by the trial court in his reasons for judgment. In this case, defendant was negotiating through plaintiff with a firm known as D. Goldring for the leasing of defendant’s premises in the City of Shreveport, Louisiana. During the course of negotiations, a written contract relating to the commission to be paid plaintiff was executed. The agreement provided generally that when the lease agreement had been signed plaintiff was to receive $1,200 commission for renting the building. The term of the lease was for ten years and the lessee was granted an additional five-year period if he so chose. The agreement between plaintiff and defendant provided that in the event of a renewal of said lease, defendant agreed to pay plaintiff an amount equal to one and one-half per cent of the rental that she would receive under the five-year extension. On March 13, 1930, an amendment to the contract of lease was executed, which provided that the total cost of the improvements of remodeling and decorating the building would be not more than $60,000. The original lease had provided not more than $55,000. Further amendments to the lease contract were executed in 1933 and 1935. These provided for reduction of the monthly payments by the lessee from $1,000 to $750, and also provided that the improvements would become the property of the lessor upon termination of the lease. On January 8, 1937, defendant and lessee entered into another contract respecting the leasing of the premises. This agreement provided that the property was being leased for a period of 13 years and 8 months, commencing January 1, 1937; that a rental of $800 per month would be paid. It also contained provisions as to the ownership of improvements. Plaintiff sued defendant for one and one-half per cent of $800 monthly rental stipulated in the lease contract of January, 1937, for a period of five years, or $720. Plaintiff contended that the new agreement was in effect a renewal of the original lease and that by reason of such and under the provisions of his brokerage contract, he was entitled to that amount as commissions. Defendant contended that the original lease agreement was not renewed or extended, and that he did not owe plaintiff any further commissions. The district court rendered judgment in favor of plaintiff, which judgment was affirmed on appeal by the Court of Appeal for the Second Circuit. The court found that the brokerage agreement provided for the payment of commissions in the even the original lease was extended beyond its primary term of ten years. The court found further that the intention of the parties was that plain *576 tiff receive commissions on rentals paid during such time as the tenant continued to be an occupant of the premises, not, however, exceeding the stipulated five-year renewal period. The appellate court decided the case on the authority of Rosenblum v. Lurie, supra.
This Court will next discuss the cases cited by counsel for defendant. The first case is that of Ernest A. Carrere’s Sons v. Levy, supra. Plaintiff was engaged in the real estate brokerage business in the City of New Orleans. During 1931, Mrs. Nettie Cody, owner of a building in the City of New Orleans, employed plaintiff as her agent to secure a tenant for the property. As a result of plaintiff’s efforts the premises were leased to F. F. Hansell & Bro., Ltd., for a term of 64 months, beginning June 1, 1932. Plaintiff was duly paid a brokerage commission by Mrs. Cody for the services rendered to procure the tenant. The lease provided that lessee at its option might renew the lease for an additional five-year period, that if said option were exercised the lessor agreed to pay plaintiff a commission of four per cent of said rental during the renewal period. During the primary term of the lease, Mrs. Cody sold the leased premises to a third party who conveyed it to defendant. Prior to the expiration of the primary term of the lease defendant and Hansell negotiated a new lease on January 9, 1937, for a lesser amount than in the original lease, with the additional provision that lessor would air condition the premises. Defendant refused to pay plaintiff commissions stipulated in the original contract, taking the position that while he purchased the property subject to the original lease, he did not assume the obligation of Mrs. Cody to pay plaintiff commissions in the event the contract was renewed; that said obligation was personal to Mrs. Cody and not binding upon him. Suit followed. Plaintiff contended that the new contract was merely a renewal of the first lease. The district court held that the position taken by defendant was correct, that defendant did not render himself personally liable to the plaintiff for the commissions stipulated in the event the lease was renewed. This was affirmed by the Court of Appeal.
Defendant next cited the case of Bryson v. United Gas Public Service Co., supra, which case held that the appointment of an agent for the collection of rental proceeds is not a power of attorney coupled with interest, and is therefore revocable.
An examination of the cases cited by counsel for both parties reveals that they are all factually different from the case at bar.
This Court is of the opinion that it is not important in arriving at a decision in this case to determine whether the agreement of December 1, 1955, is a renewal of the original lease made in 1945, or whether it is a new lease, for the reason that under the terms of the original lease, plaintiff was to receive a stipulated commission for a period not to exceed ten years. Defendant has complied with his agreement, for he has paid plaintiff his commission for the five-year period named in the primary term of the original lease and the five-year renewal period in said lease. If this Court were to hold otherwise, it would mean that defendant would never be relieved of his obligation to pay plaintiff commissions on the leased premises leased by Franklin Stores Corporation as long as it remained in the premises, even though plaintiff had not secured the lease for a portion of the time that Franklin occupied the premises as lessee, as was done in the case at bar.
For the reasons assigned, the judgment of the district court is affirmed. Plaintiff is to pay all costs of this appeal.
Affirmed.