PICKETT, Judge.
The plaintiff, Hoyt M. Garrick, Sr., d/b/a Pleasant Hill Insurance Agency, instituted this suit to recover a real estate commission allegedly due from the defendant-appellant, David H. Rush, on a sale of *497 property made by the defendant as the owner thereof. From a judgment in favor of the plaintiff for $675.00 with interest and costs, the defendant has appealed.
For a cause of action the plaintiff alleged that on August 27, 1968, the defendant entered into a contract with him to sell Lots 10, 11 and 12 of the C. M. Holcombe Subdivision of the City of Bogalusa, Louisiana. The listing was for a period of six months, and the plaintiff’s commission was for five per cent, of the selling price. The contract further provided that in the evént the defendant should sell the property within three months after the expiration of the contract to a purchaser who had become interested in the property through the efforts of the plaintiff, he would be entitled to his commission on such sale. The plaintiff further alleged that the defendant sold the property on February 20, 1969, to Frederick Charles Kimball for the sum of $13,500.00, as the result of plaintiff’s efforts and negotiations with the purchaser’s parents, Mr. and Mrs. Wallace Kimball. Therefore, he claims the defendant owes him a commission of five (5%) per cent of the selling price, or the sum of $675.00. The defendant answered plaintiff’s petition and denied he owed plaintiff any amount, and affirmatively alleged that any obligation that he may have had to plaintiff had been extinguished.
The undisputed evidence shows that on August 27, 1968, the defendant entered into a contract with the plaintiff, a duly licensed real estate broker, wherein he listed for sale by plaintiff certain property situated in the City of Bogalusa, Louisiana. The property so listed was sold by the defendant on February 20, 1969, to Frederick Charles Kimball.
The contract, above mentioned, was for a period of six months, that is until February 27, 1969; and provided for the payment of a commission of five per cent of the selling price to the plaintiff, if he should be successful in selling the property. The contract contained the following provision :
“I/We further agree to pay commission as above stipulated in event of sale of said property by Me/Us within 3 months after the expiration of this agreement, provided purchaser has become interested in said property as a result of the efforts or advertising of said agent during the active term of this listing.”
The sale of the property was made during the active term of the listing. The plaintiff claims the sale of the property was made as a result of his active efforts in advertising it for sale. He contends that because of his efforts to sell the property, he succeeded in interesting Mr. and Mrs. Wallace Kimball in the property; and that because of his negotiations with them, a series of events were set in motion that culminated in the sale of the property to Frederick Charles Kimball, the son of Mr. and Mrs. Wallace Kimball. Therefore, the plaintiff claims that he is entitled to be paid his commission because he was the “procuring cause” of the sale. The defendant contends that he made the sale on his own initiative, and without the purchaser having any knowledge of the prior negotiations with his parents.
As we appreciate the issues in this case, the judgment depends upon a conclusion as to whether the plaintiff has established the fact that he was the procuring cause of the sale which was finally consummated between defendant and Frederick Charles Kimball. If it is found that plaintiff was the procuring or moving cause of the sale to Kimball, the plaintiff is entitled to his commission. On the contrary, if he was not the procuring cause of the sale, he is not entitled to his commission. Kaufman Agency v. Viccellio, 174 So. 709; Corbitt v. Robinson, La.App., 53 So.2d 259 and Keating v. Lachney, La.App., 216 So.2d 906. In the Keating case, supra, this Court said:
“It has long been well established that a real estate broker is entitled to a commission if he is the procuring cause of the sale even though the transaction is *498 consummated by the parties at a different price than that procured by the broker.”
In the same case this Court said:
“A real estate broker is considered the procuring cause of a sale and is entitled to a commission if he brings the parties together even though the parties conduct the final negotiations themselves and even though the broker does not have a listing or exclusive agency agreement.”
The record shows that after the property was listed with the plaintiff, he placed “For Sale” signs on the property at least three different times. He advertised it through the Bogalusa Daily News, a local newspaper in the City of Bogalusa, and by radio broadcasts through Radio Station WIKI. Mr. Wallace Kimball saw the advertisement in the paper, and called the plaintiff about the purchase of the property. But when he learned the price of the property, he was unwilling to pay that price. The plaintiff suggested that there was the possibility that the property might be bought for a lower price. Mr. Wallace Kimball said he was interested in buying the property for his son, who was planning to be married. Mr. Wallace Kimball admitted that some two weeks, or a month after he had talked with the plaintiff, he met defendant at the Seals Lumber Company, at which time he told the defendant that he was not interested in buying the property himself, but that his son was interested in a house. He denied that he ever mentioned the property to his son. He could not explain how his son happened to learn about the property and to end up buying it. Frederick Charles Kimball, who ultimately purchased the property, denied that his parents had talked with him about the property he purchased. The defendant admitted that Frederick Charles Kimball called him by telephone about the purchase of the property. They carried on their negotiations, which resulted in the sale of the property, over the telephone. The defendant said he could not remember the sale price. Neither the defendant nor Frederick Charles Kimball seemed to be able to remember much about the details of the events and negotiations leading up to the sale of the property, or the actual consummation of the transaction.
It is not disputed that the plaintiff did place “for sale” signs on the property, after it was listed with him. He advertised it both in the local newspaper and by radio. As a result of plaintiff’s advertisements, Mr. Wallace Kimball contacted the plaintiff for the purpose of buying the property for his son, Frederick Charles Kimball. Mr. Wallace Kimball did not buy the property, but his son did purchase it.
Because of the conflicting evidence of the parties involved, as well as their witnesses, the resolution of the case hinges on the evaluation of the credibility of the witnesses. A careful examination and evaluation of all of the evidence and the relationship of the parties involved, convinces us that it is more probable than not that the plaintiff was instrumental in initiating a series of events that ultimately resulted in the accomplishment of the main objective for which the plaintiff was em-employed, namely, the sale of defendant’s property. Although the trial judge has not favored us with reasons for his judgment, the fact that he rendered judgment in favor of the plaintiff indicates that he believed the plaintiff was the “procuring cause” of the sale. It is well settled in our jurisprudence that the trial judge’s findings with respect to questions of fact and the matters relating to the credibility of witnesses should be given great weight and will not be disturbed on appeal except on a showing of manifest error. Gay v. Travelers Ins. Co., La.App., 234 So.2d 241; Readco Industries, Inc v. Myrmax Specialties, Inc., La.App., 236 So.2d 573. We find no such error here.
For the reasons set forth above, the decision of the trial court is affirmed. Costs of this appeal are assessed to appellant.
Affirmed.