No. 2356.—WILLIAM MASSEY *v.* MICHAEL FINCH.

The statement in an act of sale of real estate that a certain judicial mortgage "still stands against the property," does not create a personal obligation on the purchaser to pay it. In such a case the judicial mortgage creditor must resort to the hypothecary action to enforce payment.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *Hornor & Benedict*, for plaintiff and appellee. *George L. Bright*, for defendant and appellant.

TALIAFERRO, J. The defendant being third possessor of mortgaged property, is sought by this action to be held personally bound for the payment of a judgment bearing judicial mortgage upon the property purchased by him, and subject to that mortgage. Judgment was rendered against the defendant, and he has appealed.

The facts of the case are, that in the year 1860 the plaintiff obtained a judgment against Murth Phelan and William Phelan, *in solido*, for $263 99, with interest and costs, which judgment was recorded in May, 1866. Murth Phelan having died, his son, James Phelan, suc-

Massey v. Finch.

ceeded as his sole heir, and in October, 1867, he sold to the defendant, Finch, certain real estate in New Orleans, which at the time of the sale was subject to the plaintiff's judicial mortgage, predicated upon the judgment he obtained against the vendor's ancestor in 1860. It appears by the act of sale that Finch paid part of the price in cash, part by releasing a judgment he held against the seller for $2340, and by giving his notes, secured by mortgage on the property purchased. The recital in the act of sale of the mortgages on the property, concludes by declaring that "the mortgage thirdly described in favor of William Massey against W. and Murth Phelan, still stands against the property, and this sale is made and accepted with said encumbrance."

We do not understand this declaration as importing an obligation on the purchaser to pay, and discharge the debt for which the mortgage subsists. He has not assumed to pay it as part of the price, nor in any other manner. The plaintiff has the hypothecary right to require him to pay the debt or surrender the property, but he has not by the contract the right to compel him by a personal action to discharge the debt.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant, the plaintiff paying costs in both courts.