## ERNEST A. CARRERE'S SONS v. LEVY.

### No. 17215.

Court of Appeal of Louisiana. Orleans.

Oct. 30, 1939.

Writ of Certiorari Denied Jan. 9, 1940.

Carrere & Miller, of New Orleans, for appellant.

J. A. Woodville and J. L. Warren Woodville, both of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Ernest A. Carrere's Sons, a co-partnership engaged in the real estate brokerage business in the City of New Orleans, has appealed from a judgment dismissing its suit against the defendant, Dr. Louis Levy, on an exception of no cause of action. The facts upon which plaintiff's suit is predicated are as follows:

During the year 1931, a Mrs. Nettie Cody, the owner of a four-story building in the City of New Orleans designated as Nos. 131–133 Carondelet Street, employed the plaintiff as her agent to secure a tenant for the property. As a result of plaintiff's efforts, the premises were leased to F. F. Hansell & Bro., Ltd., for a term of 64 months beginning on June 1, 1932, and ending September 30, 1937. Plaintiff was duly paid a brokerage commission by Mrs. Cody for the services it rendered in procuring the tenant. This lease was recorded in the office of the Registrar of Conveyances for the Parish of Orleans and, among the stipulations contained therein, was the following:

"25. The Lessee shall have the privilege of extending this lease for an additional five (5) years, that is from October 1, 1937, to September 30, 1942, on the same terms as hereinabove stipulated but at an annual rental of nine thousand ($9000) dollars * * *. Said option shall be exercised by Lessee notifying Lessor in writing * * *.

"26. If the said option is exercised by the Lessee, the Lessor agrees to pay Ernest A. Carrere's Sons a commission of four (4%) per cent on the amount of the exercised privilege * * *."

On December 13, 1932, Mrs. Cody sold the leased property to a concern named Mulberry Grove, Inc., and on October 29, 1935, the latter conveyed it to Dr. Louis Levy, the present owner and defendant in this suit.

Prior to the expiration of the lease, or, sometime between September 1935 and January 1937, Dr. Levy and F. F. Hansell & Bro., Ltd., the Lessee, entered into negotiations with respect to the making of a new lease for the premises which would begin after the original lease had terminated. As a result of these negotiations, the defendant and the Lessee confected, on January 9, 1937, another lease whereby the defendant rented the premises to Hansell & Bro. for a five-year period beginning October 1, 1937, and ending September 30, 1942, in consideration of an annual rental of $8,000. It was also provided that, as an additional consideration for the granting of the lease, the lessee would undertake to instal an airconditioning plant or unit upon the leased premises at its own expense.

Sometime after the lease was made between the defendant and Hansell & Bro., the plaintiff, taking the position that the new contract was merely a renewal of the first lease, made demand on Dr. Levy for the payment of the commission stipulated for in the original contract. Upon the defendant's refusal to pay, this suit followed.

The theory of plaintiff's cause of action is that, since the original lease was registered in the conveyance office, all subsequent purchasers acquired the property subject to the provisions of that lease; that they assumed all of the obligations therein contained and that Dr. Levy, as a subsequent purchaser of the property, stands in the shoes of Mrs. Cody and has assumed her obligation to pay it a commission upon the renewal of the lease. Plaintiff charges that, although the annual rental payable under the contract executed between Dr. Levy and Hansell & Bro. is stated to be $8,000, whereas the original lease grants the privilege of renewal at a higher annual rent ($9,000), the so-called new lease is in substance a renewal of the original one because of the fact that the lessee, in addition to the agreed annual rent of $8,000, is obligated to instal an airconditioning sys-

tem in the building. It sets forth that the expense of installing this system was $5,000 and that this amount, when added to the stipulated rent for the five-year period, equals the total expenditure which the lessee would have had to defray in the event it would have elected to exercise the option granted in the original lease.

The defendant, on the other hand, takes the position that, while he purchased the property subject to the original lease, he did not assume it and that the provision inserted therein whereby Mrs. Cody, the lessor, agreed to pay the plaintiff a commission in the event the contract was renewed, is an obligation personal to her which is not binding upon him. He also contends that he is not liable to plaintiff because the lease confected between himself and the lessee is not a renewal of the original contract but that it is a separate and distinct agreement.

After hearing argument by counsel for the opposing litigants, the district judge, being of the opinion that the lease between Dr. Levy and Hansell & Bro. was not a renewal of the original contract, sustained the exception of the defendant and dismissed the suit.

A careful consideration of the contentions made by the parties in this case has convinced us that the exception of no cause of action is well founded. It is our view that Dr. Levy, in purchasing the property subject to the lease in favor of Hansell & Bro., did not render himself personally liable to the plaintiff for the commission stipulated for in the event the lessee exercised its privilege to renew the lease.

The lease between Mrs. Cody and Hansell & Bro., being duly registered in the conveyance office, was an encumbrance against the property by virtue of Art. 2015 of the Civil Code and, hence, Dr. Levy, as a subsequent purchaser of the real estate, acquired it subject to the terms and conditions of that lease. See Coyle v. Geohegan, 187 La. 308, 174 So. 366, and Lesseigne v. Cedar Grove Realty Co., 150 La. 641, 91 So. 136. However, the fact that the defendant acquired the property burdened with the lease does not render him personally responsible to the plaintiff, a third party, merely because the original owner and lessor agreed to pay it a commission in the event the lessee exercised the privilege of renewing the contract. On the contrary, the obligation for the payment of the commission was one purely personal to Mrs. Cody which the defendant did not assume when he bought the property subject to the lease. The plaintiff is not a party to the contract. Its registration in the conveyance office did not have the effect of insuring to it any claim or lien on the property or of investing it with additional rights against subsequent purchasers of the real estate. The best that can be said is that the agreement by Mrs. Cody to pay the plaintiff a commission upon the happening of a certain event is a stipulation pour autrui for which she alone is responsible.

Counsel for plaintiff seem to think that, because Dr. Levy purchased the property subject to the lease, he assumed all of the obligations of the lessor not only with respect to the lessee but also as to Mrs. Cody's agreement to pay their client a commission. The reasoning of counsel's argument is faulty because it is based upon the premise that Dr. Levy assumed the obligations contained in the lease whereas, in fact he merely acquired the property as encumbered by the lease and did not agree to become personally responsible to plaintiff for the obligation incurred by Mrs. Cody.

The status of the defendant in this case is strikingly similar to that of a vendee who acquires real estate burdened with a mortgage and who, instead of assuming payment of the debt in the act of sale, takes it subject to the encumbrance. In such instances, it is well established that the vendee, in purchasing the property subject to the mortgage, is not personally responsible for the payment of the debt. See Balfour v. Chew, 4 Mart.,N.S., 154; Massey v. Finch, 24 La.Ann. 28, and Gauche v. Gerdes, et al., 10 Orleans App. 56.

We moreover concur with the opinion of the district judge that the contract made by the defendant and Hansell & Bro. is not a renewal of the original lease. The privilege of renewal granted to the lessee was absolute. No negotiations were necessary. A simple written notice by lessee to the lessor would have been sufficient. It is plain to us that the new lease, whereby the lessee agrees to pay an annual rental of $8,000 and aircondition the premises at its own expense, is vastly different from the consideration stipulated for in the renewal privilege.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.