388 So.2d 110 (1980)
Earl D. RAINEY et al.
v.
Patsy M. RILEY.
No. 13466.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
Richard P. Reina, Denham Springs, for plaintiffs.
William Brumfield, Baton Rouge, for Defendant.
Before ELLIS, CHIASSON and PONDER, JJ.
*111 PONDER, Judge.
Defendant appealed from a confirmation of default judgment arising from a listing and offer to purchase of real estate.
We reverse and render.
Defendant owned two lots and a house which she wished to sell. She received an offer from plaintiff, Rainey, through Maxwell Realty. Acting upon the advice of Maxwell Realty's saleswoman as to the value of the property, she signed a purchase agreement and mailed it to Maxwell Realty. When she immediately visited the property, however, she determined the value to be higher than she had been advised; she then went to Maxwell Realty and orally retracted the acceptance before the purchase agreement had been delivered, which delivery occurred after the offer had expired under its own terms. Despite Mr. Maxwell's assurances, the acceptance was given to Mr. Rainey.
Plaintiffs, the prospective purchaser and the realtor, filed suit. A default judgment was taken and confirmed.
Appellant has devoted much time and effort in attacking the default judgment because of the absence of a minute entry. On an unnumbered page contained in the record between pages 1 and 2 we find a minute entry ordering the entry of a preliminary default. In the absence of further information, we reject appellant's contention.
"In order to confirm a judgment by default, the plaintiff must prove the essential elements of the claim by competent evidence with legal certainty, as fully as though each allegation was specifically denied by the defendant." Bonfouca Investment Corp. v. Eubanks, 347 So.2d 1277, 1278 (1st Cir. 1977).
We find a number of legal errors necessitating reversal.
The exhibits, for the most part hearsay, were allowed to be introduced without any identification other than the attorney's description in making the offers. Thus nearly all plaintiffs' exhibits were clearly incompetent. Even if plaintiffs' exhibit 1, the purchase offer and acceptance, be otherwise admissible, defendant's signature thereon was never proved except, maybe, by inference from statements made in the exhibits found to be incompetent and inadmissible. Exhibit 9 contains expert opinion of Mr. Maxwell, who never took the stand and was never qualified as an expert. It also is hearsay.
There is no allegation, even less proof, of "James F. Maxwell, d/b/a Maxwell Realty, Inc.," being a licensed real estate broker, an essential element of any suit for commission. La.R.S. 37:1445.
When the unqualified hearsay opinion, Exhibit 9, is eliminated there is insufficient proof of any amount of damages on the part of the prospective purchaser, Mr. Rainey.
The acceptance of the offer was retracted before delivery to Mr. Rainey,[1] and in fact was delivered only by the negligence of Mr. Maxwell, Mr. Rainey's agent. The offer submitted by Mr. Rainey, through Maxwell Realty, had been altered by Mrs. Riley before signing and therefore constituted a counteroffer which also was retracted before communication to Mr. Rainey.
For these reasons, the judgment appealed from is reversed and there is now judgment in favor of defendant and against the plaintiffs, dismissing the suit. All costs are assessed against the plaintiffs.
REVERSED AND RENDERED.
NOTES
[1] La.C.C. Arts. 1809, 1819. See Litvinoff, Obligations, § 176. Cf. Travelers Indem. Co. v. Ducote, 380 So.2d 10 (La.1979).