644 So.2d 618 (1994)
Johnny B. GREEN
v.
Wanda CONNOR, et al.
No. 94-CC-2120.
Supreme Court of Louisiana.
October 7, 1994.
Order Amending Decision on Grant of Rehearing November 11, 1994.
Rehearing Denied December 16, 1994.
PER CURIAM.
Granted in part.
Plaintiff allegedly was injured in an automobile accident and filed a claim alleging that his uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, had acted arbitrarily and capriciously in the handling of his claim for UM benefits. Plaintiff simultaneously filed a claim for social security disability benefits as a result of his injuries. After State Farm requested and received copies of plaintiff's records of the social security proceedings, plaintiff filed a motion in limine seeking to exclude any testimony regarding those proceedings. The trial court ruled that the actual transcript and judgments from the social security proceedings were inadmissible, but that witnesses would be permitted to make reference to the transcript and judgment from those proceedings and the contents of both. The court of appeal denied supervisory writs.
La.Code Evid. art. 803(8)(a)(iii) provides that records of a public agency setting forth "[f]actual findings resulting from an investigation made pursuant to authority granted by law" are exceptions to the hearsay rule and are admissible at trial. However, La.Code Evid. art. 803(8)(b)(iv) excludes from this exception to the hearsay rule "[f]actual findings resulting from investigation of a particular complaint, case, or incident, including an investigation into the facts and circumstances on which the present proceeding is based...." Thus, while factual findings of general investigations are admissible, those of particular incidents are not admissible as public records.[1] The social security proceedings involved the same incident as the present case, and all factual findings which resulted are therefore inadmissible under La.Code Evid. art. 803(8)(a).
The judgment of the trial court is therefore modified as follows: To the extent that the transcript and judgment contain the factual findings of the social security proceedings, any testimony regarding those findings *619 is inadmissible under La.Code Evid. art. 803(8)(a), and all witnesses are barred from referring to the factual findings unless such testimony is otherwise admissible under a separate exception to the hearsay rule. Otherwise, this writ is denied.[*]
KIMBALL, J., votes to grant and docket.
DENNIS, J., not on panel.

ON APPLICATION FOR REHEARING
Rehearing granted. This court's previous order is amended and supplemented as follows:
In defense of allegations that it acted arbitrarily in tendering to plaintiff less than the full amount of its UM limits, and subject to a limiting jury instruction, the State Farm representatives may testify as to their knowledge of the social security hearing, not for the truth of such matter, but to show information relied upon in reaching a decision concerning the UM tender.
KIMBALL, J., would grant and docket.
DENNIS, J., not on panel.
NOTES
[1] In addition, the "business records" exception of La.Code Evid. art. 803(6) expressly bars the use of records falling under the La.Code Evid. art. 803(8)(b) exclusions. This does not, however, mean that such records are not admissible under another exception to the hearsay rule.
[*] Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994; Dennis J., not on panel. Rule IV, Part 2, § 3.