948 So.2d 1259 (2007)
Louie SCHEXNAYDER, Sr. and Michael J. Fernandes, Plaintiff-Appellants,
v.
Roy and Norma "Rena" GISH, Rhondalyn Singh Tanwar and Allstate Mortgage Corp., Defendant-Appellees.
No. 41,819-CA.
Court of Appeal of Louisiana, Second Circuit.
February 7, 2007.
*1260 Bryson Law Firm by Cary B. Bryson, Angela S. Bryson, for Appellants.
*1261 Neupert & Associates, L.L.C. by Charles J. Neupert, Jr., Shreveport, for Appellees.
Before STEWART, GASKINS and MOORE, JJ.
MOORE, J.
Plaintiffs filed this suit to recover a sales commission earned by finding a buyer for the defendants' property in Belcher, Louisiana. The defendants responded with an exception of no right of action on grounds that plaintiffs were not licensed to sell real estate, and for that reason were barred by La. R.S. 37:1445 from initiating a suit to recover any commission earned on the sale of real estate. The trial court sustained the exception and dismissed the suit. Plaintiffs filed this appeal. We affirm the judgment sustaining the exception, but reverse the trial court's dismissal of the suit to allow plaintiffs 15 days to amend their petition.

FACTS
Louie Schexnayder, Sr. and Michael J. Fernandes ("Consultants") entered into a "Consultant Agreement" with Roy and Norma Gish, whereby Schexnayder and Fernandes undertook to assist the Gishes in obtaining a purchase offer on immovable property owned by them located at 9886 N. Louisiana Hwy. 169 in Belcher, Louisiana. The agreement specifically provided that if Consultants were able to procure an offer on the property acceptable to the Gishes, then the Gishes would pay Consultants a fee in an amount equal to the amount that the purchase price exceeded $3,500,000.00, or if the price did not exceed $3,500,00.00, 6% of the actual purchase price. Lastly, the agreement provided that the fee was earned once a purchase offer was accepted by the Gishes and payable at the "Act of Sale" of the property.
On July 27, 2004, the Gishes and Consultants amended the Consultant Agreement to reflect that the Consultants had procured Jack Saheid's interest in buying the property. On July 28, 2004, Saheid, the eventual purchaser of the property, and the Gishes confected a purchase agreement for the property for a price of $4,300,000.00.
An Act of Sale was executed on November 2, 2004, whereby Saheid purchased the property, together with all of the buildings and improvements thereon, including interests in specifically described oil, gas and mineral leases, rights to pipelines, wells and gathering systems, and equipment leases. According to the Act of Sale, $2.5 million of the purchase price was for the immovable property being transferred and $1.5 million was for the interests in the specifically described oil, gas and mineral leases, rights to pipelines, wells and gathering systems, and equipment leases.
On November 2, 2005, Consultants filed a suit in propria persona styled, "Petition for Damages," against the Gishes, Rhondalyn Singh Tanwar and Allstate Mortgage Corporation to recover the contractual fee which Consultants allege they never received. The petition alleges that the defendants purposely did not inform Consultants of the scheduling of the closing and the re-negotiating of the terms of the sale. Furthermore, the petition alleges that Tanwar, as an employee of Allstate Mortgage Corporation, fraudulently received and accepted a payment at closing which was due Consultants. The petition sought damages against the defendants for breach of the Consultant Agreement and fraud, including reasonable attorney's fees and costs.
The Gishes responded by filing a peremptory exception of no right of action alleging that the plaintiffs were prohibited by Louisiana law from bringing suit for a *1262 real estate commission unless they were licensed real estate brokers under Louisiana law. The Gishes attached a copy of a letter purportedly written by the Director of the Investigative Division of the Louisiana Real Estate Commission, Carmela Greco Collins, in which she states that she was unable to find any evidence in the Commission's database that either of the plaintiffs were duly licensed brokers or agents.
The exception was taken up on March 27, 2006. At the hearing, the trial court asked plaintiffs' counsel if he had any evidence that his clients were licensed realtors, to which counsel replied, "No, Your Honor." The trial court then admitted the letter attached to the exception into evidence even though it was not formally offered into evidence nor was evidence offered laying a foundation for its admission. Plaintiffs' counsel objected to the admission of the letter. Relying on the letter, the trial court concluded that the plaintiffs were not licensed brokers or agents and granted the exception. A judgment to that effect was signed on April 4, 2006. The instant appeal followed.

ANALYSIS
Consultants make two arguments which they set forth in three assignments of error. First, they argue that the trial court erred in admitting the Louisiana Real Estate Commission letter into evidence, without which the record is devoid of evidence as to whether they are properly licensed real estate brokers. As a result of this error, the trial court erred in concluding that they were unlicensed real estate brokers without a right to bring an action to recover a commission fee. Second, Consultants argue that the trial court erred in not finding that they had a right of action to recover the portion of the fee attributable to the sale of oil, gas and other mineral interests, the brokerage of which does not require a real estate license by the Louisiana Real Estate Commission.
Defendants argue that La. R.S. 37:1445 prohibits and precludes an unlicensed person from instituting a suit for recovery of a real estate license. Accordingly, they contend that the plaintiffs should have alleged in their petition that they possessed a real estate license and the trial court correctly placed the burden on the plaintiffs to show that they were licensed realtors when challenged with the defendants' exception.
Next, defendants argue that the trial court properly considered the Louisiana Real Estate Commission letter because it is not hearsay under Article 803(8) of the Code of Evidence as a public record exception to the hearsay rule, namely as a factual finding resulting from an investigation made pursuant to the authority granted by law. La. C.E. art. 803(8)(iii). Even if it was error for the trial court to accept the letter as evidence, defendants argue that the error should not change the result because of the plaintiffs' failure to allege at any point in the proceedings that they are licensed real estate agents.
Finally, defendants contend that because La. R.S. 37:1445 does not apply to the sale of mineral interests such as oil and gas, the exception should have been denied, upholding the petition with respect to the right to recover for the sale of the mineral interests and equipment associated with the sale.
Assignment of Errors 1 and 2:
Generally, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. Industrial Companies Inc. v. Durbin, XXXX-XXXX (La.1/28/03), 837 So.2d 1207. The purpose of the exception of no right of action is to determine whether a plaintiff has a real and actual interest in an action or belongs to a particular *1263 class to which the law grants a remedy for a particular harm alleged. Wallace v. Nathan, 96-119 (La.App. 5 Cir. 7/30/96), 678 So.2d 595. (Emphasis supplied). The exception of no right of action is peremptory and can be brought at any time, including on appeal. Lambert v. Donald G. Lambert Constr. Co., 370 So.2d 1254 (La. 1979). Further, La. C.C.P. art. 927 provides that a peremptory exception of no right of action may be noticed by either the trial or appellate court of its own motion. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. The exception of no right of action is directed to showing that a plaintiff has no legal right or interest in enforcing the matter asserted, based upon the facts and evidence submitted. La. C.C.P. art. 927; Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843. The determination of whether a plaintiff has a right of action is a question of law. Horrell v. Horrell, 99-1093 (La.App. 1 Cir. 10/6/00); 808 So.2d 363, writ denied 01-2546 (La.12/7/01); 803 So.2d 971. Accordingly, we review exceptions of no right of action de novo. Mississippi Land Co. v. S & A Properties II, Inc., XXXX-XXXX (La.App. 3 Cir. 5/8/02), 817 So.2d 1200.
Unlike the exception of no cause of action, evidence is admissible on trial of an exception of no right of action in order to determine whether the plaintiff is legally invested with the right to stand in judgment. Guenard v. Key, 131 So.2d 108 (La.App. 2 Cir. 6/1/61). It is therefore proper to hear testimony on an exception of no right of action. Waterhouse v. Star Land Company, 139 La. 177, 71 So. 358 (1916). The burden of proof of establishing the exception of no right of action is on the exceptor. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934
In this instance, the trial court held a hearing on the exception in which it listened to oral argument and took evidence. The only evidence submitted was a letter from the Louisiana Real Estate Commission from the exceptors that the plaintiffs were not licensed real estate brokers in Louisiana. Plaintiffs objected to the letter as hearsay. The court overruled the exception and asked plaintiff's counsel if he had evidence to offer that his clients were in fact licensed to sell real estate in this state. Counsel offered no evidence, and so the trial court granted the exception and dismissed the suit. Petitioners now complain on appeal that the Louisiana Real Estate Commission letter was hearsay and should not have been admitted. They also argue that the court incorrectly placed the burden on them to defeat the exception.
Because the letter was considered as proof of the matters asserted therein, the contents of the letter are clearly hearsay and admissible only if it meets one of the exceptions to the hearsay rule and the letter is properly authenticated. The trial court found that the letter was admissible "because it is a letter from an administrative body of this State, and you do not have anything to tell me that you folks are Realtors."
*1264 Because authentication of the genuineness of a particular document must always be satisfied for it to be admissible, an exhibit that is not authenticated does not constitute competent evidence. See La. C.E. art. 901. Though the substance of the document may be considered trustworthy and clearly admissible under the exception to the hearsay rule for public documents, La. C.E. art. 803(8), "the rule of authentication evidencing the genuineness of a particular document has always to be satisfied." State v. Martin, 356 So.2d 1370 (La.1978). "Authentication" is a process whereby something is shown to be what it purports to be. Newpark Resources, Inc. v. Marsh & McLennan of Louisiana, Inc., 96-0935, p. 5 (La.App. 1 Cir. 2/14/97), 691 So.2d 208. Evidence must either be authenticated as provided in La. C.E. art. 901, or it must be self-authenticating. See Lane v. Department of Public Safety and Corrections, 00-2010, pp. 8-9 (La.App. 1 Cir. 2/15/02), 808 So.2d 811, 816-17. Because no evidence of any kind was offered to authenticate the letter, the letter would have to be self-authenticating to have properly been admitted into evidence.
While the letter appears to be a document from a Louisiana state agency, it does not meet the necessary requirements to be self-authenticating. Louisiana Code of Evidence article 902 identifies which documents are to be considered self-authenticating, for which no extrinsic evidence of authenticity is required as a condition precedent to admissibility. Included in this list are certified Louisiana public documents. Specifically, La. C.E. art. 902(2)(b) provides:
A purported record, book, paper, or other document of the State of Louisiana, or of a department, board, or agency thereof or of a political subdivision of the state or a department, board, or agency of such a subdivision when certified as being the original by an officer or employee who identifies his official position and who either has custody of the document or who is otherwise authorized to make such a certification.
Regarding the self-authentication of copies of public documents, La. C.E. art. 904 provides:
When an original public document is deemed authentic without proof by extrinsic evidence as provided in Article 902(1), (2), or (3), a purported copy of the document also shall be deemed authentic when certified as true or correct by the custodian or other person authorized to make that certification, by certificate complying with Article 902(1), (2), or (3).
The letter did not contain a certification as required to be self-authenticating. Accordingly, some other extrinsic evidence was necessary to authenticate these documents. Since no such evidence was offered, we are constrained to conclude that plaintiffs failed to lay a proper foundation for admission of the letter and the trial court erred in admitting it into evidence. Furthermore, even if the letter had been properly authenticated, we disagree with the trial court's conclusion that the letter comes within the public records exception to the hearsay rule.
Records and reports of a public office or agency setting forth "[f]actual findings resulting from an investigation made pursuant to authority granted by law" are exceptions to the hearsay rule and are admissible at trial. La. C.E. art. 803(8)(a)(iii). However, La. C.E. art. 803(8)(b) provides in pertinent part:
Except as specifically provided otherwise by legislation, the following are excluded from this exception to the hearsay rule:
* * *

*1265 (iv) Factual findings from investigation of a particular complaint, case, or incident, including an investigation into the facts and circumstances on which the present proceeding is based or an investigation into a similar occurrence or occurrences.
In other words, La. C.E. art. 803(8)(b)(iv) provides that factual findings made by a state agency as a result of an investigation of a particular complaint, case or incident constitute inadmissible hearsay. Thus, while factual findings from a general investigation may be admissible, factual findings from a specific or particular investigation are inadmissible under the public records exception. Cox v. Roofing Supply, Inc., 36,275 (La.App. 2 Cir. 8/14/02), 825 So.2d 1271; Green v. Connor, 94-2120 (La.10/7/94), 644 So.2d 618. The letter in the present case purports to set forth factual findings in regard to a specific inquiry as to the licensed status of the plaintiffs herein. As such, it is inadmissible hearsay and the trial court erred in admitting it into evidence.
The defendants contend that even if the Louisiana Real Estate Commission letter constituted inadmissible hearsay, the exception of no right of action should be granted because the plaintiffs failed to allege that they are licensed to sell real estate in this state, which they argue is essential to file an action to recover a real estate fee or commission. La. R.S. 37:1445 provides:
§ 1445. Unlicensed persons cannot recover brokerage charges

No action or suit shall be instituted, nor recovery be had, in any court of this state by any person for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provision of this Chapter to other licensed brokers or licensed salespersons unless such person was duly licensed under this Chapter as a broker or salesperson prior to the time of offering to perform any such act or service or procuring any promise to contract for the payment of compensation for any such contemplated act of service.
(Emphasis supplied). The highlighted language above constitutes part of the 1978 and subsequent amendments to the original version of the statute passed by 1920 La. Acts No. 236, § 19. The 1920 Act and statutory language read:
"Be it further enacted, etc., That any person, firm, co-partnership, association or corporation, who has not been licensed in accordance with the provisions of this act shall not be allowed to recover any fee, claim or charge for brokerage in the courts of this State."
(Emphasis supplied).
It has long been held in cases prior to the 1978 amendment that in a suit for commissions by a real estate broker it is not necessary to allege and prove that the broker is licensed under the Louisiana Real Estate License Law. Stanford v. Bischoff, 159 La. 892, 106 So. 371 (La.1925) (C.J. O'Neill dissenting); Kaufman Agency v. Viccellio, 174 So. 709 (La.App. 1 Cir.1937). The lack of a real estate license is an affirmative defense which must be specially pleaded and proved by the defendant. Id.
In Stanford v. Bischoff, supra, the defendant employed the plaintiff to purchase property for him, agreeing to pay for his services. The plaintiff secured not only land for the defendant, but also mineral leases. The trial court upheld the defendant's exception of no cause of action on grounds that the plaintiff did not allege that he had a real estate license under Act 236 of 1920. The Louisiana Supreme Court reversed, holding that

*1266 . . . it does not follow that, for the reason that he secured land as well as leases by purchase for plaintiff, his petition shows no cause of action, even as to compensation for obtaining the land in that it does not set out that he was licensed under the act as a real estate broker. It was not necessary that plaintiff should have made that allegation. If the nature of his services were such as to require that he be licensed, and he was not, that he was not, is a matter of defense, which defendant, in order to avail himself of, must set up and establish.
On the other hand, in the case of Rainey v. Riley, 388 So.2d 110 (La.App. 1 Cir. 1980), the court reversed a confirmation of default for several legal errors, including the failure of the plaintiff to allege in the petition he was a real estate broker. Citing La. R.S. 37:1445 the court stated:
There is no allegation, even less proof, of "James F. Maxwell, d/b/a Maxwell Realty, Inc.," being a licensed real estate broker, an essential element of any suit for commission. La.R.S. 37:1445.
Although the court did not discuss the issue further, clearly it found that the petition was legally deficient under the newly designated La. R.S. 37:1445.
It is a well-established rule of statutory construction that "[i]t is presumed that every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used." ABL Management, Inc. v. Board of Sup'rs of Southern University, XXXX-XXXX (La.11/28/00), 773 So.2d 131; Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984). Conversely, it will not be presumed that the Legislature inserted idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless. Id. The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. Id.; Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, 186. A statute's meaning and intent is determined after consideration of the entire statute and all other statutes on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in its enactment of the statute.
If the addition to La. R.S. 37:1445 of the phrase, "No action or suit shall be instituted," in addition to language disallowing any "recovery" for fees or commissions or other services requiring a real estate license, does not change the prior law, the language would be superflous. Based upon these rules of construction and Rainey v. Riley, supra, we conclude that the legislature intended the new language to constitute a mandatory element of any suit for a real estate commission as defined by the statute, and therefore require that plaintiffs allege they have a license to broker real estate in conformity with Louisiana law in order to initiate an action or suit.
Because the plaintiffs do not make that allegation in their petition, the trial court correctly sustained the exception of no right of action regarding the recovery of any fees to recover a real estate commission.
Assignment of Error No. 3
Plaintiffs contend that even if they have no right to recover the consultant's fee for brokering the sale of land or real estate for the defendants, they are entitled to recover a commission for the sale of the mineral interests and other related items, *1267 such as pipelines, equipment and so on. However, the plaintiffs allege they are entitled to recover solely on the basis of the sale arranged by virtue of the Consultant Agreement, which does not mention any mineral interests or things of that nature. The inartfully drafted petition was filed in proper person.
It appears that the petition does not state a cause of action for recovery of a commission for the sale of the mineral interests, at least not on the basis of the original consulting agreement. We express no opinion on whether it is possible to allege a viable cause of action in this regard.

CONCLUSION
For these reasons, we conclude that the trial court correctly sustained the exception of no right of action, albeit on different grounds. However, the trial court should have granted the plaintiffs an opportunity to amend in the event they can state a cause of action for recovery of any fees for their services in acquiring the sale of the mineral interests. Accordingly, we affirm the judgment insofar as it sustains the exception of no right of action to initiate a suit to recover fees for the real estate transaction and the implicit finding that plaintiffs alleged no cause of action to recover fees for the sale of mineral interests and related items, but reverse the judgment insofar as it dismisses the suit with prejudice. We amend the judgment to allow plaintiffs to amend their petition to assert with particularity other possible causes of action within 15 days from the date this opinion becomes final, in default of which amendment the plaintiffs' demands may be dismissed by the trial court with prejudice. Rachal v. Peters, 28,655 (La.App. 2 Cir. 9/25/96), 680 So.2d 1280. We remand for that purpose.
JUDGMENT AFFIRMED IN PART; REVERSED IN PART; REMANDED.