975 So.2d 110 (2008)
Sara Katherine WAGGONER, et al., Plaintiffs-Appellants
v.
AMERICA FIRST INSURANCE, et al., Defendants-Appellees.
No. 42,863-CA.
Court of Appeal of Louisiana, Second Circuit.
January 16, 2008.
Rehearing Denied February 7, 2008.
*111 Keogh, Cox & Wilson, by John P. Wolff, III, Tiffany N. Thornton, Baton Rouge, LA, for Appellants.
Nelson, Zentner, Sartor & Snellings, by George M. Snellings, IV, Monroe, LA, for Appellee, American First Ins. Co.
Voorhies & Labbe, by Cyd S. Page, Lafayette, LA, for Appellee, Continental Ins. Co.
Cook, Yancey, King & Galloway, by Robert Kennedy, Jr., Lila J. Knicely, Shreveport, LA, for Appellee, Thomas & Farr Agency.
Before BROWN, WILLIAMS and LOLLEY, JJ.
LOLLEY, J.
Plaintiffs appeal the judgment of the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, granting peremptory exceptions of no cause of action and no right of action in favor of Defendants. For the following reasons, we reverse and remand.

FACTS
This case stems from an accident that occurred on January 23, 2003, when Sara Katherine Waggoner was injured after being struck by a car as a pedestrian in Baton Rouge, Louisiana. As a result of the accident and injuries suffered by Sara, a suit was filed by her and her parents, George and Jere Ann Waggoner, against numerous insurance companies. Primary demands were made upon America First Insurance Company ("AFIC") and Federal Insurance Company ("Federal") to recover *112 uninsured/underinsured motorists benefits ("UM").
During this time, the Waggoners explain that they discovered that Thomas & Farr Agency ("T & F"), their insurance broker, failed to name George Waggoner as an additional insured on their business auto policy T & F obtained from AFIC for its business, S & W Western Wear ("S & W"). As a result, only S & W was the named insured on the AFIC business auto policy at issue. Consequently, the Waggoners brought an additional claim against T & F for errors and omission with regard to their failure to procure the requested coverage under the AFIC policy. In June 2004, the Waggoners settled with Federal and assigned all of their rights to pursue reimbursement and/or contribution against the non-settling defendants, namely AFIC. In March 2005, Federal substituted itself as party plaintiff.
Several partial judgments were rendered in favor of T & F and AFIC after having filed exceptions of no cause of action and no right of action, in addition to various motions for summary judgment against: Federal; Federal as subrogee; and, the Waggoners individually. Eventually, in a judgment dated October 24, 2005, the trial court disposed of all remaining issues in favor of T & F and AFIC (the "October 2005 judgment"). Federal appealed that judgment, but this court found that it was not a final appealable judgment and dismissed the appeal without prejudice in an unpublished opinion dated June 19, 2006. Meanwhile, with permission from the trial court, Federal added S & W and the Waggoners as additional party plaintiffs (collectively the "Plaintiffs") and filed a First Supplemental and Amending Petition for Damages. In response, both T & F and AFIC (collectively the "Defendants") again filed peremptory exceptions of no right of action and no cause of action. On May 25, 2007, the trial court issued a final judgment wherein all exceptions were granted in favor of AFIC and T & F (the "May 2007 judgment"). This appeal ensued.

Scope of Appellate Review
At the outset we note that Defendants make much of the scope of our review, alleging that Plaintiffs did not seek appeal from the October 2005 judgment rendering it a final judgment. We disagree. This court specifically found that the October 2005 judgment was only a partial judgment in light of the fact that cross-claims for contribution, and the Waggoners' independent claim against T & F, were still pending. Furthermore, the trial court declared that the May 2007 judgment, together with the October 2005 judgment previously rendered, constituted a final appealable judgment pursuant to La. C.C.P. art. 1915(A). In addition, only in the May 2007 judgment did the trial court make a determination that there was no just reason for delay as required by La. C.C.P. art. 1915(B)(1). Therefore, the May 2007 judgment, which incorporated all previous findings, is rightfully before this court on appeal. Notably, it has long been our rule that we will only address issues that have been submitted to the trial court and raised in specifications of error on appeal, unless the interest of justice requires otherwise. See Rule 1-3, Uniform Rules, Courts of Appeal. (Emphasis added.)

LAW AND DISCUSSION
On appeal, Plaintiffs urge that the trial court erred in granting the peremptory exceptions of no cause of action and no right of action in favor of Defendants. Both the exception of no cause of action and the exception of no right of action present questions of law. Therefore, the standard of review of the trial *113 court's action is a de novo review. See Badeaux v. Southwest Computer Bureau, Inc., XXXX-XXXX (La.03/17/06), 929 So.2d 1211, 1217. Exceptions of no cause of action and no right of action are both peremptory exceptions, the function of which is "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. In considering the merits of an exception of no cause of action, the trial court is required to decide whether to grant or deny the exception on the basis of the face of the petition. However, unlike the exception of no cause of action, evidence is admissible on trial of an exception of no right of action in order to determine whether the plaintiff is legally invested with the right to stand in judgment. Schexnayder v. Gish, 41,819 (La.App.2d Cir.02/07/07), 948 So.2d 1259.

AFIC
Plaintiffs initially sought to recover UM benefits, and in the alternative brought a cause of action for reformation of AFIC's business auto policy to include George Waggoner as an additional named insured. However, AFIC asserts that: 1) because George Waggoner was not named individually there is no UM coverage; 2) only S & W has procedural capacity to bring the instant suit; and, 3) reformation is not a valid cause of action since it is contingent on a right of action.
A de novo review of a no right of action exception allows this court to look past the pleadings and review the evidence presented, specifically the policy in effect at the time of Sara's accident. Although George Waggoner was not named individually, we find that coverage exists for the subject accident as set forth by the language in the Business Auto Extension Endorsement ("endorsement") portion of the policy, which states, in pertinent part:
15. DRIVE OTHER CARS FOR EXECUTIVE OFFICERS
A. This provision 17.[sic] changes only those coverages where a limit and premium is shown in the Declarations.
B. CHANGES IN LIABILITY COVERAGE:
Any "auto" you do not own, hire, or borrow is a covered "auto" for Liability Coverage while being used by any of your "executive officers", except:
Any "auto" owned by that "executive officer" or a member of that persons household, or
Any "auto" used by that "executive officer" while working in a business of selling, servicing, repairing, or parking "autos".
C. CHANGES IN AUTO MEDICAL PAYMENTS AND UNINSURED MOTORISTS AND UNDERINSURED MOTORISTS COVERAGE
The following is added to WHO IS AN INSURED:
Any individual "insured" and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by an auto you do not own except:

Any "auto" owned by that individual or by any "family member".
* * *
E. ADDITIONAL DEFINITIONS
As used in this endorsement:
"Executive Officer" means a person holding any of the officer positions created by your charter, constitution, by-laws, or any other similar governing document, and that persons spouse, while a resident of the same household.

*114 "Family member" means a person related to an "executive officer" by blood, marriage, or adoption who is a resident of the individuals household, including a ward or foster child.
(Emphasis added.)
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Ambiguous policy provisions generally are to be construed against the insurer and in favor of coverage. Carrier v. Reliance Ins. Co., 1999-2573 (La.04/11/00), 759 So.2d 37.
In accordance with the pertinent section of the endorsement, which incidentally AFIC does not refute was a part of the policy in effect at the time of the accident, the record reflects that a limit and premium is shown in the Declarations for UM coverage. Further, AFIC concedes that George Waggoner is an executive officer and by extension, Sara is the daughter of an executive officer. It is undisputed that Sara was a pedestrian when she was hit by a car  not owned by any family members. The policy unequivocally added "Executive officers" to the Liability Coverage. In fact, the plain reading of the applicable section all but states Sara's name. The policy unambiguously and clearly provides coverage for Sara Waggoner's accident, despite the fact that George Waggoner was not a named insured.
AFIC contends that the endorsement does not provide coverage because the UM section (Section C, above) does not mention executive officers, and the previous provision which makes changes to "Liability Coverage" (Section B, above) does not broaden the scope of the "WHO IS AN INSURED" reference in Section C. AFIC insists that only S & W is insured. We find this interpretation of the policy erroneous. Further, it is well established that when reading an insurance policy, "each provision in the policy must be interpreted in light of the other provisions. One provision cannot be construed separately at the expense of disregarding other provisions." Sims v. Mulhearn Funeral Home, Inc., XXXX-XXXX (La.05/22/07), 956 So.2d 583, 591-92. Here, since George Waggoner is an executive officer, and the endorsement expands on "executive officers," there is coverage under the policy. Plaintiffs thereby have a right of action, and given this, they can pursue their cause of action, specifically contribution.[1]
AFIC, in the alternative, argues that antistacking provisions prevent the Waggoners from receiving additional UM coverage since Federal has already paid. We find that Plaintiff's cause of action (i.e., Federal as subrogee) for contribution of UM benefits is valid. In effect, the Waggoners will not recover additional damages via coverage but rather Federal will receive their pro rata share as one of many UM insurers responsible to the Waggoners. In Hull v. Louisiana Indem., 1991-663 (La.App. 3d Cir.10/06/92), 606 So.2d 923, 925, the court held that the antistacking statute did not preclude an insurer, which had paid insured's claim, from seeking contribution and explained that:
Otherwise the uninsured motorist carrier selected by the plaintiff will bear the full burden of compensation while other uninsured motorist carriers pay nothing. We observe that La. R.S. *115 22:1406(D)(1)(c) was enacted to prevent plaintiffs from recovering the maximum under each policy. The clear intent of the legislature was to provide tort victims with the option to pursue the highest uninsured motorist policy. The legislation does not address the issue of contribution or indemnity by the uninsured motorist carrier(s) that is (are) not selected to the uninsured motorist carrier which is selected.
We agree with this analysis. AFIC's arguments are without merit. The trial court erred in granting the peremptory exceptions in favor of AFIC.

T & F
Plaintiffs allege a cause of action against T & F for errors and omissions for failing to name George Waggoner individually on the policy at issue. We disagree with T & F's contention that George Waggoner's claims are derivative of Sara Waggoner's, precluding a cause of action since no duty was owed to Sara Waggoner. The policy clearly provided coverage for the subject accident, which is implicitly supported by AFIC's position, had George Waggoner been named individually. Therefore, a right of action and cause of action exists and the exceptions were erroneously granted. Practically speaking, however, while a right of action and cause of action for errors and omission exists, we note that Plaintiffs must still prove damages in order to succeed with this claim.
We are uncertain as to why the relevant portions of the policy which provide coverage to executive officers were not referred to in any of the earlier proceedings leading up to this appeal. We are certain, however, that the procedural maneuvering by all interested parties created confusion resulting in several partial judgments and still no redress. Perhaps by concentrating on the substantive words of the policy, a resolution will be reached.

CONCLUSION
For the foregoing reasons, we reverse the judgment sustaining the exceptions of no cause and no right of action and remand to the trial court for further proceedings not inconsistent with this opinion. Costs of this appeal are to be split between American First. Ins. Co. and Thomas & Farr Agency.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, CARAWAY and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Since we have found coverage under the original policy, the cause of action for reformation is moot.